IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CHRISTOPHER M. GRAHAM,        )
                              )
    Plaintiff,            )   No. 9-1256
                              )
    vs.                   )
                              )
COUNTY OF CLARION, et al.     )
                              )
    Defendant.            )

**OPINION AND ORDER**

**SYNOPSIS**

In this civil action, Plaintiff, proceeding <u>pro se</u>, claims that Defendants violated his constitutional rights, RICO, and state law, when they kidnapped or abducted his child under the guise of lawful child custody proceedings. He names as Defendants Clarion County, the Clarion County Court of Common Pleas, several individuals, including various County employees, officials, and the child's stepfather, a law firm, two County judges, the Commonwealth of Pennsylvania, the Pennsylvania state police, the Middlesex and Rimersburg police departments, and Governor Rendell.

Before the Court are four Motions to Dismiss the Complaint for failure to state a claim: one filed by Defendant Rendell, the Commonwealth, and the state police (the "State Defendants"); a second by Judges Arner and McCune, along with the Court of Common Pleas (the "Court Defendants"); a third by the County, along with Defendant County Commissioners Cyphert, Hartle, and Oberlander (the

"County Defendants"); and a fourth by the Middlesex Police Department. Also pending is Plaintiff's Motion for Leave to file an Amended Complaint, to add factual matter that was inadvertently omitted from his original Complaint. Plaintiff was given extensions to respond to the Motions; no response has been filed. Although Plaintiff has failed to file any responses, because of his <u>pro se</u> status, I will not grant the Motions summarily.[1] Because the Motions deal with overlapping matter – <u>i.e.</u>, Defendants contend that the Complaint lacks sufficient factual allegations, or cannot otherwise state a claim, and Plaintiff seeks to add factual allegations – I deal with them together in a single Opinion, in order to guide Plaintiff should he choose to refile his Complaint.

For the following reasons, the Motions to Dismiss will be granted, in part without prejudice, and Plaintiff will be afforded an opportunity to amend his complaint.

**OPINION**

**I. MOTIONS TO DISMISS**

    **A. Applicable Standards**

In deciding a motion to dismiss, all factual allegations, and all reasonable inferences therefrom, must be accepted as true and viewed in a light most favorable to the plaintiff. <u>Colburn v. Upper Darby Twp.</u>, 838 F. 2d 66, 666 (3d Cir. 1988). In ruling on a motion for failure to state a claim, I must look to "whether

---

[1] If I were to grant Defendants' Motions based on lack of opposition, I would be constrained do so without prejudice and without explanation of substantive deficiencies in the Complaint. In contrast, the present approach promotes efficiency for the parties and the Court with respect to Plaintiff's future filings, if any, and most of the issues that Defendants raise.

sufficient facts are pleaded to determine that the complaint is not frivolous, and to provide the defendants with adequate notice to frame an answer." Id. at 666. Complaints "need not plead law or match facts to every element of a legal theory." Weston v. Pennsylvania, 251 F. 3d 420, 429 (3d Cir. 2001).

A plaintiff, however, must "nudge [his] claims across the line from conceivable to plausible" in order to survive a motion to dismiss. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). A complaint must contain "enough factual matter (taken as true) to suggest" the elements of the claims asserted. Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008). Thus, although detailed factual allegations are not required, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 127 S. Ct. at 1964-65. In turn, Fed. R. Civ. P. 8 "'requires only a short and plain statement of the claim showing that the pleader is entitled to relief' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Id. at 1964. Conclusory allegations are insufficient to survive a Rule 12(b)(6) motion. Egnotovich v. Greenfield Twp. Sewer Auth., 304 Fed. Appx. 94, 98 (3d Cir. 2008).

Finally, pro se pleadings are given liberal construction. City of Newark v. Lawson, 346 Fed. Appx. 761, 763 (3d Cir. 2009). Pro se litigants, however, are not excused from complying with basic pleading requirements. See Jones v. Omni Bank, No. 98-2223, 1998 U.S. Dist. LEXIS 17194, at *14 (E.D. Pa. Oct. 29, 1998). A court

3

must grant leave to amend before dismissing a civil rights complaint that is merely deficient. Long v. Holtry, 673 F. Supp. 2d 341, 346 (M.D. Pa. 2009).

### A. MIDDLESEX POLICE DEPARTMENT

First, I address the Motion to Dismiss filed by Middlesex Police Department. Middlesex asserts, inter alia, that Plaintiff's claim fails under applicable statutes of limitations. Plaintiff's Complaint alleges that Middlesex took steps to remove Plaintiff's child from his custody, in December, 2004, or perhaps in 2005. Plaintiff's constitutional claims brought under Sections 1983, 1985, and 1986 must have been brought within two years. See LeBar v. Bahl, 245 Fed. Appx. 219, 221 (3d Cir. 2007). Plaintiff also purports to bring state law claims such as trespass, fraud, and conspiracy, which must be brought within two years.[2] 42 Pa.C.S.A. §§ 5524(1), (4), (7). A four-year statute of limitations applies to Civil RICO. Agency Holding Corp. v. Malley-Duff & Assocs., Inc., 483 U.S. 143, 156, 107 S. Ct. 2759, 97 L. Ed. 2d 121 (1987). According to the facts pleaded in the Complaint, Middlesex's allegedly wrongful acts occurred in 2004. This action was filed in 2009, outside of the time frames in question.[3] Absent facts that would bring Plaintiff's action within required time limitations, the claim against Middlesex Police Department

---

[2]Other state law claims alleged, such as obstruction of justice, are not independent civil actions under Pennsylvania law. E.g., Bennett v. Maier, No. 97-3555, 1998 U.S. Dist. LEXIS 10191, at *4 (E.D.Pa. July 7, 1998). Furthermore, the state law claims are subject to dismissal pursuant to 28 U.S.C. § 1367, under which I may decline to exercise supplemental jurisdiction over a state law claim when original jurisdiction claims have been dismissed.

[3]The statute of limitations also supports the dismissal of Plaintiff's claims against the other Defendants raising this issue. Because alternate grounds for dismissal exist, which may affect the viability of any future amendments that Plaintiff might file, I address certain of those grounds as well.

cannot stand.

Middlesex also contends that the claim against it is the same as a claim against the Middlesex municipality, and thus requires compliance with Monell. Indeed, a municipal police department is not deemed separate from the municipality.[4] Padilla v. Twp. of Cherry Hill, 110 Fed. Appx. 272, 278 (3d Cir. 2004). Therefore, the police department may only be held liable if its policy or custom was the moving force behind the alleged violation. Holtry, 673 F. Supp. 2d at 343. Plaintiff has not identified any such policy or custom, and the Complaint is also subject to dismissal on these grounds.

### B. COURT DEFENDANTS[5]

The Court of Common Pleas, and Judges Arner and McCune, argue that they are immune from suit. As they correctly note, a County Court of Common Pleas, along with its judges in their official capacity, are immune from suit under the Eleventh Amendment. See, e.g., Ludwig v. Berks County, 313 Fed. Appx. 479, 482 (3d Cir. 2008); El-Bey v. Devito, No. 9-3189, 2010 U.S. Dist. LEXIS 24759, at *4 (E.D.

---

[4] A municipal entity, in addition, is not subject to civil RICO claims. Genty v. RTC, 937 F.2d 899 (3d Cir. 1991).

[5] These Defendants also raise the Rooker-Feldman doctrine, which holds that a federal court lacks authority to review state court judgments. Indeed, Plaintiff is barred from seeking relief that would effectively reverse the state court's decision or nullify its ruling. Focus v. Allegheny Court of Common Pleas, 75 F. 3d 834, 840 (3d Cir. 1996). Likewise, Plaintiff is also advised that a federal court is unable to provide relief in the form of custody decisions or orders. Instead, the "U.S. Supreme Court and Third Circuit have long held that child custody claims fall squarely within the ambit of domestic relations," which belongs to the state courts. Bey v. Garcia, No. 6-1180, 2006 U.S. Dist. LEXIS 25637, at *11-12 (D.N.J. May 2, 2006). In sum, I am without the authority to grant the injunctive relief sought in his Complaint. Nonetheless, I do have authority to address Plaintiff's claims to the extent that he seeks damages for allegedly unconstitutional acts of non-immune persons connected with the state court proceedings. Presumably, Plaintiff will take these principles into account should he refile this action.

5

Pa. Mar. 17, 2010).

Moreover, in their individual and official capacities, the judicial defendants have judicial immunity for their official acts. Beaver v. Burlington County Det. Ctr., No. 7-4328, 2008 U.S. Dist. LEXIS 18978, at *23 (D.N.J. Mar. 11, 2008); Azubuko v. Royal, 443 F. 3d 302, 303-04 (3d Cir. 2006). "Immunity applies even when the judge is accused of acting maliciously and corruptly...." Bey v. Garcia, No. 6-1180, 2006 U.S. Dist. LEXIS 25637, at *16 (D.N.J. May 2, 2006). The purpose behind this immunity has been explained as follows:

> The nature of the adjudicative function requires a judge frequently to disappoint some of the most intense and ungovernable desires that people can have … If judges were personally liable for erroneous decisions, the resulting avalanche of suits…would provide powerful incentives for judges to avoid rendering decisions likely to provoke such suits. The resulting timidity would be hard to detect or control, and it would manifestly detract from independent and impartial adjudication.

Forrester v. White, 484 U.S. 219, 226-27, 108 S. Ct. 538, 98 L. Ed. 2d 555 (1988).

In order to determine whether judicial defendants are immune from suit under this theory, I must examine whether the suit alleges an action within the judge's judicial functions – i.e., whether the act itself is a function normally performed by a judge, and whether the parties dealt with the judge in his judicial capacity." Bey, 2006 LEXIS 25637, at **17-18. Judicial rulings, including custody orders, are judicial acts that are subject to immunity. Reilly v. Weiss, No. 97-5883, 1998 U.S. Dist. LEXIS 23040 (D.N.J. June 12, 1998); see also Catanzaro v. Jones, 226 Fed. Appx. 220, 221 (3d Cir. 2007).

Next, I must determine whether the defendant acted in the clear absence

of all jurisdiction.  Weiss, 1998 U.S. Dist. LEXIS 23040 at *18.  Generally, where a court has some subject matter jurisdiction, there will be sufficient jurisdiction for purposes of judicial immunity.  Figueroa v. Blackburn, 208 F.3d 435, 443-44 (3d Cir. 2000).  Under Pennsylvania law, the County Court of Common Pleas is a court of general jurisdiction, and has authority to adjudicate custody disputes.  See 42 Pa. C.S. 931(a); Powell v. Bayley, No. 5-2492, 2005 U.S. Dist. LEXIS 34163, at *10 (M.D. Pa. Dec. 2, 2005).  Under these principles, a judge is not deprived of immunity because he acted in error, maliciously, in excess of his authority, or as part of an alleged conspiracy.  Wise v. Carrafiello, 218 Fed. Appx. 180, 182 (3d Cir. 2007); Dennis v. Sparks, 449 U.S. 24, 101 S. Ct. 183, 188, 66 L. Ed. 2d 185 (1980).  Moreover, unsupported allegations that a judge acted without jurisdiction are legal conclusions which need not be credited.  Van Tassel v. Lawrence County Domestic Rels. Section, 659 F. Supp. 2d 672, 697 (W.D. Pa. 2009).  Similarly, that a judge committed grave procedural errors does not overcome his entitlement to judicial immunity.  Id.

In this case, Plaintiff contends that the Defendant Judges are liable as a result of their decisions in connection with custody proceedings, and their decisions regarding his parental rights.  There is no suggestion that the Defendant Judges acted outside their judicial capacity.  He alleges that Judge Arner lacked sufficient basis for awarding custody to Defendant King, and that Judge McCune refused to take control and preside over the custody matter. Additionally, putting aside Plaintiff's numerous bald assertions, the only reading

of the Complaint is that Plaintiff seeks to hold the judges liable for damages arising from their judicial acts.[6] No extra-judicial conduct is alleged as grounds for the lawsuit. Likewise, there is no factual suggestion that the judicial Defendants were acting in the complete absence of jurisdiction. Improperly failing to credit another court's order does not deprive a judge of jurisdiction. These Defendants will be dismissed from the lawsuit.

**C. COUNTY DEFENDANTS**

Next, I address the Motion filed by the County and the individual County Commissioners, Cyphert, Hartle, and Oberlander.

For several reasons, the Complaint fails to state a claim against the County. As Defendants urge, the Court of Common Pleas, to which Plaintiff assigns blame, is not a County agency; acts of the Court or its judges are not attributable to the County. 42 Pa.C.S. § 301; Barr v. County of Clarion, No. 8-866, 2010 U.S. Dist. LEXIS 16205, at *23 (W.D. Pa. Feb. 23, 2010). Employees of the Court are, therefore, not County employees. Moreover, Plaintiff asserts that the complained-of actions were taken pursuant to an unidentified County-approved policy. As suggested supra, in order to survive dismissal under Monell, a plaintiff must identify the policy that is the moving force behind his injury, attribute it to the municipality, and show a causal link between the policy and the injury alleged. Holtry, 673 F. Supp. 2d at 343. Plaintiff has neglected to sufficiently fulfill these requirements,

---

[6] Although Plaintiff raises the spectre of conspiracy, he does so with precisely the type of labels, conclusions, and formulaic recitations that are insufficient under Twombly. Factual allegations regarding a conspiracy relate to the Judge's use of evidence. Accordingly, his Complaint cannot fairly be viewed as stating an extra-judicial conspiracy.

8

and thus has not pleaded sufficient facts to impose liability on the County.

As regards the County Commissioners, Plaintiff alleges that Cyphert, Hartle, and Oberlander knew of the wrongs conspired to be done, had the power to prevent them, and failed to do so. Plaintiff pleads not a single fact, however, that would suggest that these Defendants were involved in, or had the power to affect, the court proceedings or events at issue. "[A] defendant in a § 1983 action must have personal involvement in the alleged wrongs." Smith v. Central Dauphin Sch. Dist., 355 Fed. Appx. 658, 669 (3d Cir. Pa. 2009). The Complaint contains insufficient factual matter to indicate that these individual Defendants can be held liable to Plaintiff.

### D. STATE DEFENDANTS

Finally, I consider the Motion to Dismiss filed by the Commonwealth, state police, and Governor Rendell. As they correctly argue, the Commonwealth is immune from suit under the Eleventh Amendment. Braun v. State Correctional Institution at Somerset, No. 9-83J, 2009 U.S. Dist. LEXIS 121723, at *12 (W.D. Pa. Nov. 19, 2009). Moreover, "[a]s an arm of the state, the State Police are entitled to any Eleventh Amendment immunity to which the Commonwealth would be entitled...." Graham v. Pa. State Police Lancaster County, No. 9-3106, 2009 U.S. Dist. LEXIS 102550, at *3 (E.D. Pa. Nov. 3, 2009).[7] As regards his official capacity, the

---

[7] Plaintiff suggests that the state police "forced" him to relinquish the idea of retrieving his daughter through physical force, by causing him to fear that he would face imprisonment if he did so. That the threat of imprisonment causes one to choose not to use physical force simply does not amount to a constitutional violation. Likewise, corruption in the police force directed toward others, and addressed in separate lawsuits or news articles, cannot be addressed in this litigation. Similarly, to the extent Plaintiff assigns blame for failure to pursue charges against Defendant King,

9

same is true for Governor Rendell. <u>Lattaker v. Rendell</u>, 269 Fed. Appx. 230, 232 (3d Cir. 2008).

To the extent that Governor Rendell is sued in his individual capacity, the Complaint does not set forth a single factual allegation that would support a claim against him. Defendant suggests that the suit is based on the Governor's duty to uphold the law," and perhaps his failure to intervene in response to a "notice" sent him by Plaintiff. "The mere fact that Mr. Rendell was the governor…is insufficient to state a colorable constitutional violation…." <u>Kelly v. Pennsylvania</u>, No. 09-3969, 2009 U.S. Dist. LEXIS 108875, at *3 (E.D. Pa. Nov. 18, 2009). Moreover, Plaintiff points to no authority that would obligate, or even permit, the Governor of Pennsylvania to intervene in a custody dispute in county court. Accordingly, the Complaint against these Defendants shall be dismissed.

## II. MOTION FOR LEAVE TO AMEND

As a final matter, I address Plaintiff's Motion for Leave to Amend his Complaint. Our Court of Appeals has recognized that a plaintiff's "failure to provide a draft amended complaint would be an adequate basis on which the court could deny [his or her] request [to amend]." <u>Kolar v. Preferred Real Estate Invs., Inc.</u>, No. 8-3119, 2010 U.S. App. LEXIS 702, at *35 (3d Cir. Jan. 12, 2010). Plaintiff has not submitted a draft amendment, and I am unable to assess the

---

it is "well established that a private citizen has no judicially cognizable right to the criminal prosecution of another." <u>Bierly v. Hirata</u>, No. 8-948, 2009 U.S. Dist. LEXIS 82474, at *22 (D. Utah July 20, 2009).

propriety of any proposal. Accordingly, his Motion is denied. Nonetheless, because of my disposition of the Motions to Dismiss, Plaintiff shall have the opportunity to amend his Complaint nonetheless.

## CONCLUSION

In sum, Plaintiff's Complaint, while clearly a passionate effort to restore legal connections with his daughter, is insufficient under applicable standards. The Motions to Dismiss shall be granted, and the Motion for Leave to Amend denied. Plaintiff shall, however, have an opportunity to amend his Complaint to cure the defects enumerated herein.[8] Certain defects are not amenable to cure by amendment, however, and thus dismissal on several grounds will be done with prejudice.

An appropriate Order follows.

## ORDER

AND NOW, this 10th day of June, 2010, it is hereby ORDERED, ADJUDGED, and DECREED that Defendants' Motions to Dismiss are GRANTED, in part with prejudice.

The Complaint is dismissed with prejudice, to the following extent:

1. As against the Commonwealth of Pennsylvania, the state police, and Governor Rendell in his official capacity;

2. As against Defendants Arner and McCune, in their official capacity, and for their judicial acts and in the performance of their judicial duties;

3. As against the Clarion County Court of Common Pleas; and

---

[8] If Plaintiff reasserts any claims to which Defendants have already raised challenges, and Defendants wish to challenge those claims on the same grounds already raised, they may incorporate by reference briefs and motions that they have already filed.

4. As it purports to state RICO claims against municipal entities or agencies.

The remainder of the Complaint is dismissed without prejudice, and Plaintiff's Motion for Leave to Amend is DENIED.  To the extent that the Complaint is dismissed without prejudice as stated herein, Plaintiff may file an appropriate amended Complaint within ten (10) days from the date of this Order.

BY THE COURT:

/s/Donetta W. Ambrose

Donetta W. Ambrose

Judge, United States District Court